IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY S. FRANKS, | ) | |
| | ) | 4:10CV3145 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant filed a motion to compel on May 31, 2011, claiming the plaintiff failed to provide complete answers to Defendant's First Set of Interrogatories under oath, and failed to fully respond to defendant's First Set of Requests for Production of Documents. (Filing No. 21). The plaintiff failed to respond to the motion to compel. The motion was deemed unopposed and was granted. The court further held:

> [T]he defendant attempted in good faith to resolve this discovery dispute before filing a motion to compel, the plaintiff's failure to fully respond to discovery at issue on defendant's motion to compel was not substantially justified, and an award of attorney fees in favor of the defendant is warranted.

Filing No. 26, p. 1.

The defendant has now moved for an award of attorney fees. In support of its motion, the State's counsel, Ryan Gilbride, has submitted an affidavit explaining:

- He has been a lawyer for ten years;

- Based on his experience and knowledge of the market, the reasonable hourly rate for the services he provided in preparing the State's motion to compel is $200 per hour;

- He spent a total of eight hours preparing the motion to compel, support brief, and index of evidence; including three hours of legal research, two hours spent

        reviewing, redacting, and compiling the supporting evidence, and three hours writing the motion and brief.

Filing No. 33-1, pp. 3-4.

The plaintiff objects to the defendant's attorney fee request because: 1) he has provided "volumes of discovery," and "has gone above and beyond to get all the information the Defendant requires," (filing no. 42, p. 4); 2) he "knows that the Defendant's records may have been destroyed," and 3) and the defendant's evidence in support of his attorney fee request is insufficient because it lacks specificity regarding who performed the work and the amount of time spent in preparing the motion, and lacks a reliable basis for assessing the market value of the attorney services performed by defense counsel. Filing No. 42, p. 4.

The plaintiff's arguments lack merit. The plaintiff waived any objections to the scope, breadth, or burden of responding to defendant's discovery when he failed to fully respond to the defendant's discovery requests, and then failed to respond to the motion to compel. And any claim that the defendant destroyed documents is neither supported by evidence, nor material to calculating the amount owed for the time defendant expended to compel plaintiff's compliance with discovery.

The evidence of record indicates defendant's counsel completed the research, writing and compilation of evidence to file defendant's motion to compel. Based on the opinion of defense counsel and the court's own knowledge of prevailing rates, $200.00 per hour is a reasonable rate for the services performed by defendant's counsel in preparing and filing the motion. After reviewing the defendant's filings on the motion to compel, the court also finds the amount of attorney time expended (eight hours) was reasonable.

Accordingly,

IT IS ORDERED:

1) The defendant's motion for attorney fees, (filing no. 31), is granted, and the sum of $1600 in attorney fees is awarded to the defendant and against the plaintiff and/or his counsel.

2) The clerk shall enter this award as part of the judgment eventually entered in this case, unless at or before the time judgment is entered, the clerk is notified by the defendant that the award has been paid.

DATED this 22nd day of September, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge