UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY S. FRANKS, | ) | 4:10CV3145 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | THE DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

On July 12, 2011, the defendant filed a motion to dismiss this case for want of prosecution.  (ECF No. 29.)  For the following reasons, I shall deny the defendant's motion without prejudice.

## I.   BACKGROUND

On May 31, 2011, Defendant State of Nebraska filed a motion to compel Plaintiff Jeffrey S. Franks to respond to the defendant's first set of interrogatories and requests for production. (Mot. to Compel, ECF No. 21.)  The plaintiff did not respond to the defendant's motion to compel, and on June 27, 2011, the magistrate judge granted the defendant's motion.  (See Mem. & Order, ECF No. 26.)  More specifically, the magistrate judge ordered the plaintiff to answer completely interrogatory numbers 2, 3, 5, and 6; produce a complete set of interrogatory answers "signed under oath by the plaintiff"; and respond completely to requests for production numbers 1 and 6.  (Id. at 2.)  She also warned the plaintiff that if he failed to comply with her order by July 11, 2011, "his case may be dismissed for want of prosecution."  (See id. at 1-2.)

On July 12, 2011, the defendant filed a motion to dismiss the plaintiff's case.  (ECF No. 29.)  In support of its motion, the defendant states that the plaintiff "has not provided or produced [the required] discovery responses and answers as ordered; the July 11 deadline for providing or producing said discovery responses and answers has passed; and Defendant has not received any additional response or answer from Plaintiff to said discovery requests since the issuance of the June 27 order."  (Id. at 1-2.)

The plaintiff has not responded to the defendant's motion to dismiss.  However, on July 15, 2011, the plaintiff filed a certificate of service stating that on May 9, 2011, his attorney served upon defense counsel a copy of the plaintiff's answers to the defendant's first set of interrogatories, requests for production of documents, and requests for admissions.  (ECF No. 35.)[1]  Also, on July 27, 2011, the parties moved jointly to continue the progression of the case.  (ECF No. 38.)  The magistrate judge granted this motion, and she ordered the plaintiff to serve answers to the defendant's discovery requests by August 15, 2011.  (Mem & Order at 1, ECF No. 39.)  On August 15, 2011, the plaintiff filed a certificate of service stating that a copy of his amended answers to the defendant's first set of interrogatories, requests for production of documents, and requests for admissions had been served upon the defendant.  (ECF No. 41.)[2]

On September 22, 2011, the magistrate judge awarded attorney fees in the amount of $1,600.00 to the defendant.  (Mem & Order, ECF No. 50.)  In so doing, the magistrate judge noted that "[t]he defendant attempted in good faith to resolve this discovery dispute before filing a motion to compel, [and] the plaintiff's failure to fully respond to discovery . . . was not substantially justified."  (Mem. & Order at 1, ECF No. 50 (quoting Mem. & Order at 1, ECF No. 26).)

## II.   ANALYSIS

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissals pursuant to this rule are typically "with prejudice," see id., which "is an extreme sanction" that "should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint," Smith v. Gold Dust Casino,

---

[1] The plaintiff also filed a certificate of service stating that he responded to the defendant's second set of interrogatories, requests for production, and requests for admissions on July 15, 2011.  (See ECF No. 34.)

[2] The plaintiff also filed a certificate of service stating that he responded to the defendant's second set of interrogatories, requests for production, and requests for admissions on July 15, 2011.  (See ECF No. 34.)

526 F.3d 402, 405 (8th Cir. 2008) (quoting Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)).  In other words, a dismissal with prejudice is appropriate only when that sanction is "proportionate" to the plaintiff's transgression.  See id. (quoting Rodgers v. The Curators of the Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)).

"A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff 'acted intentionally as opposed to accidentally or involuntarily'" before dismissing the complaint.  Arnold v. ADT Security Services, Inc., 627 F.3d 716, 722 (8th Cir. 2010) (quoting Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000)).  Also, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party."  Id. (quoting Hunt, 203 F.3d at 527).

After careful consideration, I find that dismissal with prejudice is too extreme a sanction for the plaintiff's transgression.  It is true that the plaintiff has been dilatory in responding to the defendant's discovery requests, and the plaintiff was warned that his failure to comply with the magistrate judge's order could result in the dismissal of his action.  The docket sheet indicates, however, that the plaintiff has amended his responses to the defendant's discovery requests.  (See ECF No. 41.)  It also appears that the plaintiff served his amended responses within the time period specified by the magistrate judge in her July 27, 2011, order.  (See Mem. & Order at 1, ECF No. 39.)  I cannot say whether the plaintiff's amended responses are satisfactory–but I also cannot say that the plaintiff has willfully disobeyed the magistrate judge's order or that he has persistently failed to prosecute his case.

I also note that the defendant has been awarded an attorney fee in the amount of $1,600.00 to offset the expenses associated with its motion to compel.  (See Mem. & Order, ECF No. 50; Mem. & Order on Pl.'s Objections to Magistrate Judge's Order.)  This sanction should reduce the effect of the plaintiff's transgressions upon the defendant, and I am not persuaded that further sanctions are warranted at this time.  The plaintiff should be aware, however, that if he continues to violate this court's orders or fails to prosecute his case, the defendant may re-file its motion to dismiss.

**IT IS ORDERED** that the defendant's motion to dismiss, ECF No. 29, is denied without prejudice.

Dated November 15, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge