IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY S. FRANKS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3145 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER ON THE |
| | ) | PLAINTIFF'S OBJECTIONS TO THE |
| Defendant. | ) | MAGISTRATE JUDGE'S ORDER |
| | ) | |

On September 30, 2011, the plaintiff filed objections to the magistrate judge's order granting the defendant's motion for attorney fees. (ECF No. 51.) For the following reasons, I shall overrule the plaintiff's objections.

**I. BACKGROUND**

On May 31, 2011, Defendant State of Nebraska filed a motion to compel Plaintiff Jeffrey S. Franks "to propound complete Answers to Defendant's First Set of Interrogatories under oath and complete Responses to Defendant's First Set of Requests for Production of Documents." (Mot. to Compel, ECF No. 21.) The defendant also moved for an order directing the plaintiff to pay the expenses that the defendant incurred in making its motion to compel. (See id. at 1 (citing Fed. R. Civ. P. 37(a)(5)(A)).) The plaintiff did not respond to the defendant's motion.

On June 27, 2011, the magistrate judge granted the defendant's motion to compel. (Mem. & Order, ECF No. 26.) She also determined that attorney fees should be awarded to the defendant because "the defendant attempted in good faith to resolve this discovery dispute before filing a motion to compel" and because "the plaintiff's failure to fully respond to discovery . . . was not substantially justified." (Id. at 1.) She added that if the parties could not reach an agreement on the fee issue, the defendant should file evidence and a supporting brief to establish the amount of the fee. (Id. at 1-2.)

On July 14, 2011, the defendant moved for an award of attorney fees in the amount of $1,600.00. (Def.'s Mot. for Attorney Fees, ECF No. 31.) The plaintiff responded to the defendant's

motion, arguing that no fees should be awarded because 1) the plaintiff was in the process of "delivering volumes of information to the [d]efendant"; 2) some of the information sought by the defendant was not in the plaintiff's possession, and the plaintiff went "to great lengths" to obtain that information; 3) "the [d]efendant's records may have been destroyed," which "makes it harder to determine when and to whom records were given and received"; and 4) the defendant's fee motion did not conform to the applicable rules. (Pl.'s Br. at 4-5, ECF No. 42.) In reply, the defendant argued that the plaintiff's allegations were not supported by evidence, and it denied that its fee request was deficient. (See generally Def.'s Reply Br., ECF No. 44.)

On September 22, 2011, the magistrate judge granted the defendant's motion for attorney fees. (Mem. & Order, ECF No. 50.) In so doing, the magistrate judge noted that "[t]he plaintiff waived any objections to the scope, breadth, or burden of responding to [the] defendant's discovery when he failed to fully respond to the defendant's discovery requests, and then failed to respond to the motion to compel." (Id. at 2.) She also noted that there was no evidence that the defendant destroyed documents. (Id.) Finally, she found that the defendant's fee request was based on "a reasonable rate for the services performed" and that "the amount of attorney time expended . . . was reasonable." (Id.)

On September 30, 2011, the plaintiff filed a statement of objections to the magistrate judge's order granting the defendant's request for attorney fees. (Objection, ECF No. 51. See also Notice, ECF No. 54 (explaining that ECF No. 51 should be designated as an "objection" as opposed to a "statement of appeal").)

## II. STANDARD OF REVIEW

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). See also Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.").[1]

---

[1] Federal Rule of Civil Procedure 54(d)(2)(D) states that the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Objections to dispositive motions are reviewed de novo. See Fed. R. Civ. P. 72(b)(3). Rule 54(d)(2)(E) states, however, that Rules 54(d)(2)(A)-(D) "do not apply to claims for fees and

### III.  ANALYSIS

The plaintiff claims that the magistrate judge erred by awarding attorney fees to the defendant. (Pl.'s Br. at 4, ECF No. 52.) In support of his claim, the plaintiff repeats the arguments that he submitted to the magistrate judge in opposition to the defendant's motion for attorney fees. More specifically, he argues that no fees should be awarded because 1) he "is answering discovery and is delivering volumes of information to the [d]efendant"; 2) he "has gone to great lengths to get some of the information"; 3) the defendant "knows that records in its possession may have been destroyed pursuant to its policy," which "makes it harder to determine when and to whom records were given and received"; and 4) the defendant did not comply with the rules or case law governing requests for attorney fees. (Id. at 4-5. See also Pl.'s Br. at 4-5, ECF No. 42.)

The magistrate judge rejected the plaintiff's "objections to the scope, breadth, or burden of responding to [the] defendant's discovery," noting that those objections were waived when the plaintiff "failed to fully respond to the defendant's discovery requests . . . and then failed to respond to the motion to compel." (Mem. & Order at 2, ECF No. 50.) This determination was not clearly erroneous. Cf. MacGregor v. Hillman, No. 4:07cv3263, 2008 WL 4367817, at *9 (D. Neb. Sept. 18, 2008) ("By failing to timely object to the plaintiff's discovery, and failing to respond to plaintiff's motion to compel, the defendants have waived any objection to plaintiff's pending discovery requests."). Thus, I must overrule the plaintiff's objections insofar as they are based on 1) the "volumes of information" that he claims to have disclosed at some unspecified time, and 2) the effort that he claims to have undertaken to obtain the information.[2]

The magistrate judge also rejected the plaintiff's argument that the defendant may have destroyed documents, stating that this claim "is neither supported by evidence . . . nor material to calculating the amount" of the attorney fees. (Mem. & Order at 2, ECF No. 50.) There is no

---

expenses as sanctions for violating these rules." In this case, the magistrate judge has ordered attorney fees in favor of the defendant as a sanction for the plaintiff's violation of the discovery rules. See Fed. R. Civ. P. 37(a)(3)(B), (a)(4), (a)(5)(A). Therefore, I find that Rule 54(d)(2)(D) is inapplicable, and I shall review the magistrate judge's memorandum and order merely to determine whether it is clearly erroneous or contrary to law.

[2] I note in passing that the plaintiff has submitted no evidence showing that he has disclosed "volumes of information" to the defendant or that he has "gone to great lengths" to obtain certain information.

evidence that the defendant destroyed–or may have destroyed–any documents; therefore, I conclude that the magistrate judge did not clearly err in rejecting the plaintiff's argument.

Finally, I find that a $1,600.00 fee award is supported by the record. Federal Rule of Civil Procedure 37(a)(5)(A) states that when a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees," unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." The magistrate judge found that a fee award was warranted in this case because "the defendant attempted in good faith to resolve the discovery dispute before filing the motion to compel" and because "the plaintiff's failure to fully respond to discovery . . . was not substantially justified." (Mem. & Order at 1, ECF No. 50 (quoting Mem. & Order at 1, ECF No. 26).) This finding was not clearly erroneous. Indeed, as noted previously, the plaintiff has failed to submit any evidence that contradicts the magistrate judge's finding. Furthermore, the defendant's fee request was accompanied by evidence of 1) defense counsel's background and experience, 2) the tasks that counsel performed in connection with the motion to compel, 3) the amount of time that counsel spent completing those tasks, and 4) the appropriate hourly rate of compensation. (See Gilbride Aff., Def.'s Index, Ex. 1, ECF No. 33-1.) This evidence, taken together with the defendant's supporting brief, (see ECF No. 32), enabled the magistrate judge to articulate "a reasoned explanation of the fee award," NECivR 54.4.

The plaintiff argues that the time spent by defense counsel on the motion to compel "is excessive" and that the defendant's evidence lacks "specificity." (Pl.'s Br. at 5, ECF No. 52.) The plaintiff states, "[Defense counsel] indicates he spent eight hours on the Motion to Compel. He does not say whether any of that time was paralegal time, or secretarial. He does not break the time down as to how long he spent drafting the motion, how long he spent on the index and exhibits, how long he spent on his affidavit, how long he spent researching his alleged market value, or any other details to allow the court and opposing counsel the opportunity to question the task or whether it should have taken less time." (Id.) The plaintiff also argues that defense counsel's own opinion of his

"market value" is insufficient to justify the hourly rate requested by the defendant. (Id. at 5; see also id. at 7.)

None of the plaintiff's arguments are persuasive. First, defense counsel submitted an affidavit stating that he spent a total of eight hours preparing the defendant's motion to compel and its supporting documents. (See Gilbride Aff. ¶ 5, Def.'s Index, Ex. 1, ECF No. 33-1.) The absence of any additional claim for secretarial or paralegal fees does not amount to a deficiency. Second, defense counsel did "break down" his eight hours of work, stating, "I spent three hours researching case law, local court rules, and the Federal Rules of Civil Procedure in order to prepare the motion, brief and evidence"; "I spent two hours determining the evidence to be submitted and preparing the evidence," which "included drafting an affidavit in support of the motion to compel and reviewing all of the exhibits to be submitted in support of the motion in order to redact any potential[ly] confidential information prior to filing"; and "I spent three hours drafting the motion to compel and supporting brief." (Id. ¶¶ 6-8.) The affidavit includes adequate detail, and counsel did not spend an excessive amount of time on any of the aforementioned tasks. Finally, defense counsel's request for a rate of $200 per hour was based not only on his opinion of his own experience and expertise, but also on "the hourly rates charged by attorneys in the Lincoln, Nebraska, legal market." (Id. ¶ 10.) In addition, he provided examples of comparable fee rates that were awarded in recent cases. (See Def.'s Br. at 3-4, ECF No. 32 (citing Makohoniuk v. Central Credit Serv., No. 4:09-cv-00185-HDV-CFB, 2010 WL 3633862 (S.D. Iowa Sept. 8, 2010); Forsythe v. Chabino, No. 09-CV-4170-NKL, 2010 WL 2539714 (W.D. Mo. June 15, 2010); Luckert v. Dodge County, No. 8:07CV5010, 2010 WL 4791695 (D. Neb. Nov. 18, 2010)).) The defendant's fee request is supported by adequate documentation.

**IT IS ORDERED** that the plaintiff's objections to the magistrate judge's memorandum and order, ECF No. 51, are overruled.

Dated November 15, 2011.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge